PEOPLE *ex rel.* CURTIN *v.* BOARD OF EDUCATION OF THE CITY OF BROOKLYN.

(*Supreme Court, General Term, Second Department.* December 14, 1891.)

MANDAMUS—REINSTATEMENT OF VETERAN—ALTERNATIVE WRIT.

Where it appears by affidavit of the chairman of a municipal board that a Union veteran was discharged from the city service for failure to properly attend to his duties, an alternative, and not a peremptory, *mandamus* will be granted to compel his reinstatement.

Appeal from special term, Kings county.

Application by John J. Curtin for *mandamus* to compel the board of education of the city of Brooklyn to reinstate him, as an honorably discharged Union sailor, to his position as a gas-fitter in the employment of said board. From an order refusing a peremptory *mandamus* relator appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Sidney Williams,* for appellant. *Almet F. Jenks,* Corp. Counsel, (*D. D. Whitney, Jr.,* Asst. Corp. Counsel, of counsel,) for respondent.

DYKMAN, J. The relator is a veteran sailor of the war of the Rebellion, and he was employed as a gas-fitter by the board of education of the city of Brooklyn, and was dismissed by the board in the month of February, 1891. He thereupon applied to the special term of the supreme court for a peremptory writ of *mandamus* to compel his reinstatement by the board. Upon such application the chairman of the heating and ventilating committee of the board of education made an affidavit, in which he stated that the relator was discharged for failure to properly attend to his duties. If that allegation be true, it would not be deemed a wise exercise of the power and discretion of the court to compel the reinstatement of the relator; and to enable the court to determine the question of fact thus presented an alternative writ was offered, and the motion for a peremptory writ denied. We think the proper disposition of the motion was made at the special term, and the order should be affirmed, with $10 costs and disbursements. All concur.